### Frederick A. Bragg

*v.*

### The People of the State of Illinois.

Jury—*right to perpetual exemption from serving.* The legislature has not the power to exempt a person perpetually from serving on juries, in consideration of services rendered as a member of a fire company; but such exemptions are subject to repeal by any succeeding legislature.

Appeal from the Circuit Court of Cook county; the Hon. Henry Booth, Judge, presiding.

This was a proceeding against Frederick A. Bragg, for a contempt of court, for not serving as a juror. The defendant gave in evidence certain parts of the charter of the city of Chicago, exempting persons who should have served as firemen in the city seven years, from serving on all juries. The sections referred to are in Laws 1836–7, sec. 54, p. 72, Laws of 1854, p. 163, chap. 9, sec. 6, and Laws of 1854, p. 217, sec. 4. The defendant also proved, that he had served as fireman in the city for seven years. The court imposed a fine of $20, and the defendant appealed.

Messrs. HOLDEN & MOORE, for the appellant.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant claims that he is exempt, perpetually, from serving on juries, by virtue of a contract with the State, granting him such exemption in consideration of services rendered as a member of the fire department of the city of Chicago, notwithstanding any provisions that may be in the statute now in force in relation to juries to the contrary.

The same question was presented in *Scranton* v. *The People*, Sept. T. 1874, and we held the claim inadmissible. We then stated, the supposed exemption could not be the subject of a contract, and was a mere gratuity, which the law-making power might withdraw in its pleasure, but did not state the reasons for this conclusion. To remove an erroneous impression into which the counsel for appellant seem to have fallen in this respect, we shall here state, briefly, why, in our opinion, the State can not, by contract, perpetually exempt persons from serving on juries.

The constitution of 1848, like the present constitution, contains these guarantees to all citizens: That the right of trial by jury shall remain inviolate; that no person shall be held to answer for a criminal offense, unless on the presentment or indictment of a grand jury, (with certain exceptions

immaterial to the present question) ; and that in all criminal prosecutions, the accused shall have a speedy public trial by an impartial jury of the county or district wherein the offense was committed.

It is, therefore, impossible for the State to protect life, liberty and property without the aid of juries. The system is a vital part of the machinery of government. It is the undoubted duty of the legislative department to provide for the selection of jurors, in such way as shall best subserve the public welfare. Of this, of course, it must necessarily be the judge, and may provide that, for the time being, certain classes, by reason of what shall be deemed sufficient public considerations, shall be exempt ; but to say that such exemptions shall be perpetual, whatever may be the public necessities, would be to authorize one legislature, by unwise legislation, to tie the hands of its successors, even to the extent of destroying the government.

The question is simply one of power in the legislature. It is not and can not be pretended there is any principle upon which it can be held the claimed perpetual exemption, on account of service in the Chicago fire department, can be maintained, which would not equally apply to exemptions on account of any other services to be rendered for the assumed benefit of the public.

It is within possibility, therefore, that one legislature (conceding the power to exist) might, by exemptions, render it impossible to obtain a jury from the better class of community, however wise and efficient a system for that purpose might be adopted by its successor. Moreover, if one citizen may be allowed to purchase exemption, it may be allowed that all citizens shall do so, and thus not only partially but entirely defeat the guarantees of the constitution.

All citizens owe the duty of serving on juries, when properly selected under laws made for that purpose, for precisely the same reason they owe the duty of bearing arms in defense of the government, when its existence is menaced by violence.

It is necessary to its existence, and to their protection in the enjoyment of the rights secured by government. If these duties may be the subject of purchase from the government, and thereafter withheld, however urgent the necessity for their exercise, then why may not a legislature make every function of government the subject of sale ? It can be no answer to say, no legislature would ever exercise the power to the extreme limits here supposed, for the probability that a claimed power will not be abused is no proof of its possession.

The power claimed is, in effect, to tie the hands of future legislatures, in providing for the selection of an instrumentality, through which, under the constitution, the most important laws can alone be enforced ; and whether this shall be as to ten citizens, or all the citizens in a county, is only a question of degree. So long as the jury system shall be maintained, it can admit of no controversy, it is the interest of all that the legislature shall be at liberty to perfect it from time to time, as experience shall justify, to the end that honesty and efficiency shall be brought into the jury box. And it is not, in our opinion, competent, that a legislature shall bind the State perpetually that this man or that class of men, being honest and capable, shall not be required to act as jurors.

We are reminded, however, that it has been held that the State may bind itself not to exact taxation in regard to particular property ; and it is argued the same principle would apply here. It is sufficient to say, in regard to those cases, if they can be justified on principle, it must be admitted they push it to the extreme verge, and it will bear no extension. But they rest upon the assumed hypothesis, that the State has received an equivalent in kind—that is, something which produces to the State revenue an amount equal to that which is surrendered. There is nothing of that kind here. The services performed in the fire department can, by no fiction, be made to take the place of the man in the jury box. Under

the hypothesis in those cases, the revenue is kept up, so that if the purchased exemptions were universal, there would be an amount received sufficient to obviate any necessity of future taxation, whereas here, if the purchased exemptions were to become universal, there would be no jury, and nothing can be substituted for it.

The judgment is affirmed.

*Judgment affirmed.*